# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1123V
Filed: October 31, 2018
UNPUBLISHED

|  |  |
|---|---|
| DALE DRECHSLER,<br><br>                         Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                         Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Brittany S. Cates, Faxon Law Group, New Haven, CT, for petitioner.*
*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 12, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as a consequence of the influenza ("flu") vaccination he received on or about October 1, 2015. Petition at 1. On August 28, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 53.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 9, 2018, petitioner filed a motion for attorneys' fees and costs.  ECF No. 49.  Petitioner requests attorneys' fees in the amount of $24,966.90 and attorneys' costs in the amount of $4,591.77.  *Id.* at 1.  A status conference was held to address the issues within the motion for attorneys' fees, including missing documentation in support of petitioner's requested costs and the omitted General Order #9.  On October 16, 2018, petitioner filed an amended motion for attorneys' fees and costs.  ECF No. 58.  Petitioner requests attorneys' fees in the amount of $25,566.90 and attorneys' costs in the amount of $4,591.77.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses.  ECF No. 58-8 at 2.  Thus, the total amount requested is $30,158.67.

On July 19, 2018, respondent filed a response to petitioner's motion.  (ECF No. 45).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Respondent did not file a response to the amended motion for attorneys' fees.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request, and finds it necessary to reduce the award to reflect hourly rate reductions for petitioner's counsel's administrative time, duplicative billing, block billing, and vague entries.

**I. Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## II. Attorneys' Fees

### A. Billing Rates

Petitioner requests compensation for his attorneys and paralegals as follows:

| | |
|---|---|
| Attorney – Brittany Cates | $300 per hour |
| Attorney – Joel Faxon | $600 per hour |
| Attorney – Michael Giordano, MD | $300 per hour |
| Paralegal – Sara Braun | $150 per hour |
| Paralegal – Jennifer Delorm | $130 per hour |
| Paralegal – Lindsay Quinn | $140 per hour |

ECF No. 49-1 at 2.

In regards to the requested hourly rates for attorney Brittany Cates and paralegals Jennifer Delorm and Lindsay Quinn, the undersigned finds these rates appropriate based on the OSM Attorneys' Forum Hourly Rate Schedules and awards them herein. In regards to attorney Joel Faxon, attorney Michael Giordano, M.D., and paralegal Sara Braun, the undersigned finds the requested rates excessive based on their overall legal experience, and their lack of experience in the Vaccine Program.[3] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch*, 2015 WL 5634323, at *19.

---

[3] This case is the first case for all of the attorneys and paralegals from Faxon Law Group, LLC. The inexperience was reflected throughout the case, as evidenced by the submitted retainer agreement that contains language in contravention of the Vaccine Act.

i.   Joel Faxon

Attorney Joel Faxon was barred in Connecticut in 1994, placing him in the range of attorneys with 20 – 30 years' experience for work performed for the duration of this case. The Forum rate ranges for attorneys with 20- 30 years' experience are as follows:

$350 - $415 for work performed in 2016
$358 - $424 for work performed in 2017
$370 - $439 for work performed in 2018

Mr. Faxon has requested an hourly rate at that exceeds the highest rates on the Hourly Rate Schedules for an attorney in any experience range.  The hours he billed were very minimal with most including document review and the initial meeting with petitioner.  Due to Mr. Faxon's inexperience in the Vaccine Program, the undersigned finds cause to reduce his requested hourly rates corresponding with his experience level.  As such, Mr. Faxon shall be awarded the following hourly rates:

$365 per hour for work performed in 2016
$380 per hour for work performed in 2017
$395 per hour for work performed in 2018

Furthermore, upon review of the billing records, Mr. Faxon has a billing entry listed on March 12, 2018 for 0.50 hrs listing no work performed.  Accordingly, the undersigned will reduce the fee request in the amount of $197.50 for the blank entry.

This reduces the overall request for attorneys' fees in the amount of **$1,974.00**.[4]

ii.   Michael Giordano, M.D.

In the affidavit filed with the motion for attorneys' fees, Ms. Cates affirms that attorney Michael Giordano, M.D., had "approximately 4 years of practice experience as an attorney" and is "also a board certified neurosurgeon." *Id.* at 2.  This places Dr. Giordano in the hourly rate range for attorneys' with less than 4 years' experience, which for 2016 is: $150 - $225.[5]  Dr. Giordano's requested hourly rate of $300 exceeds the Forum rate for his level of legal experience.  As such, the undersigned finds cause to reduce Dr. Giordano's hourly rate to $200 per hour for 2016.  This is the higher rate for the range, which reflects the fact that Dr. Giordano has specialized medical training. This reduces the request for attorneys' fees in the amount of **$300.00**.[6]

---

[4] This amount consists of ($600 - $365 = $235 x 6 hrs = $1,410) + ($600 - $380 = $220 x 1.2 hrs = $264) + ($600 - $395 = $205 x 0.5 hrs = $102.50) = $1,776.50 + $197.50 = $1974.00.

[5] Michael Giordano, M.D. only billed 3 hours of time in 2016.

[6] This amount consists of $300 - $200 = $100 x 3 hrs = $300.00.

iii.     Sara Braun

The undersigned also finds it necessary to reduce the rate for paralegal Sara Braun.  Ms. Braun is requesting an hourly rate of $150 for all work performed, throughout the case.  Paralegals are held to the same standards as attorneys in regards to ranges for hourly billing. The Forum Rate ranges for paralegals are as follows:

$125 - $145 for work performed in 2016
$128 - $148 for work performed in 2017
$132 - $153 for work performed in 2018

Ms. Braun's rate exceeds the Forum Rate ranges for paralegals in 2016 and 2017.  In the affidavit filed with the motion for attorneys' fees and costs, Ms. Cates affirms that Ms. Braun is a seasoned paralegal with over 20 years' experience.  *Id.* at 3.  Acknowledging Ms. Braun's extensive experience as a paralegal, the undersigned will award the higher end of the range.  Ms. Braun's rate is reduced to the following:

$145 an hour for work performed in 2016
$148 an hour for work performed in 2017

The undersigned finds Ms. Braun's requested rate of $150 an hour for work performed in 2018 appropriate and awards it herein.  Therefore, the request for attorneys' fees is reduced in the amount of **$142.60**.[7]

B. Duplicative Entries

The undersigned has previously reduced the attorneys' fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

As multiple attorneys and paralegals worked on Mr. Drechsler's case, duplicative charges occurred for status conferences, record reviews, and routine case management.  *Duncan v. Sec'y of Health and Human Servs.*, No. 99-0455V, 2008 WL 2465811, (Fed. Cl. Spec. Mstr. May 30, 2008) *mot. for rev. denied,* 2008 WL 4743493 (2008).  In *Duncan,* the special master reduced the attorney's fee award for duplicate work done by both a senior and junior attorney.

---

[7] This amount consists of ($150 - $145 = $5 x 22 hrs = $110) + ($150 - $148 = $2 x 16.3 hrs = $32.60) = $142.60.

5

Examples of duplicative entries include:[8]

February 22, 2016 (1.0 hrs) "Intake meeting with Dale Drechsler" – Billed by Joel Faxon
February 22, 2016 (1.0) "Intake meeting with Dale Drechsler" – Billed by Michael Giordano
September 12, 2016 (0.60 hrs) "Review Final Petitioner and Exhibits" – Billed by Brittany Cates.
September 12, 2016 (1.0 hrs) "Review Final Petitioner and Exhibits" – Billed by Joel Faxon
October 25, 2016 (0.50 hrs) "Initial status conference with court" – Billed by Brittany Cates
October 25, 2016 (0.50 hrs) "Initial status conference with court" – Billed by Sarah Braun
January 30, 2017 (1.00 hrs) "Review report by Dr. Carfi" – Billed by Brittany Cates
January 30, 2017 (1.00 hrs) "Review report by Dr. Carfi" – Billed by Sarah Braun

ECF No 49-2 at 1, 3, 4.

### C. Block Billing

It is well established that an application for attorneys' fees and costs must sufficiently detail and explain the time billed so that a special master may determine whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Services,* 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.,* 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).

Here, the submitted billing records contain several instances of non-compensable and compensable tasks lumped into a single time entry. This imprecise billing practice makes it impossible to determine the amount of time spent on each task. The Vaccine Program Guidelines state "[e]ach task should have its own line entry indicating the amount of time spent on that task . . . [s]everal tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request." [9]

Examples of block billed entries include:

May 19, 2016 (1.50 hrs) "follow up with providers for medical records; organize and copy records; scan records to disks for filing"

---

[8] These entries are merely an examples and is not exhaustive.

[9] *Guidelines for Practice Under the National Vaccine Injury Compensation Program,* are available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf.

>August 6, 2016 (3.50 hrs) "Draft Exhibit List; scan and organize exhibits for Petition; review rules for ECF filing; register BSC for ECF filing"
>March 3, 2017 (1.50 hrs) "Put together demand package and mail to Respondent; prepare status report; efile status report"

ECF No. 49-2 at 2-3.

Moreover all of the above entries indicate time that is non-compensable. For all the reasons stated above, the undersigned finds it reasonable to reduce the overall request for attorneys' fees by 5 percent. This results in a reduction in the amount of **$1,157.52**.

### III. Attorneys' Costs

Petitioner requests compensation for attorneys' costs in the amount of $4,591.77. These costs include medical records, filing fees, expert costs, and postal charges. The undersigned finds the overall request for attorneys' costs reasonable and awards the request in full.

### IV. Conclusion

Petitioner's motion for attorneys' fees and costs is **GRANTED IN PART** as follows:

**Total Fees and Costs Requested:**                                                   **$30,158.67**

**Attorneys' Fees:**

| | |
|---|---|
| Total Requested: | $25,566.90 |
| Less Joel Faxon Adjustment: | ($ 1,974.00) |
| Less Michael Giordano, M.D. Rate Adjustment: | ($ 300.00) |
| Less Sara Braun Rate Adjustment: | ($ 142.60) |
| Less Overall Fee Reduction: | ($ 1,157.52) |

**Attorneys' Costs:**

| | |
|---|---|
| Total Requested: | $4,591.77 |
| **Total Attorneys' Fees and Costs Awarded:** | **$26,584.55** |

**Accordingly, the undersigned awards the total of $26,584.55[10] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Brittany Cates.**

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.